UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-07887-MWC-CTS Date: November 4, 2026

Title: Fabio Acuna v. Western Union, LLC, *et al.*

Present: The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
| --- | --- |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings: (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO REMAND (DKT. [21]) AND VACATING HEARING**

Before the Court is Plaintiff Fabio Acuna's ("Plaintiff" or "Acuna") Motion to Remand Case ("Motion"). Dkt. # 21 ("*Mot.*"). In support of its Motion, Plaintiff filed the Declaration of Frank E. Marchetti. Dkt. # 21-1. Defendant Western Union, LLC ("Western Union") opposed, Dkt. # 28 ("*Opp'n*"). Plaintiff did not reply. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; Local R. 7-15. Having considered the papers, the Court **DENIES** Plaintiff's Motion to Remand and **VACATES** the hearing set for November 13, 2026.

## I. Procedural Background

On March 29, 2026, Plaintiff filed the instant action against Defendants Western Union, LLC, Hector Grinacoff ("Grinacoff"), and Does 1–30[1], in Superior Court of the State of California, County of Los Angeles, case number 26STCV10198. *See* Dkt. # 1-2 ("*Compl.*"). On July 17, 2026, Western Union removed the action to this Court. Dkt. # 1. On September 24, 2026, Plaintiff filed the instant Motion to Remand, *Mot.*, and Western Union opposed, *Opp'n*.

## II. Factual Background

Plaintiff's Complaint brings five causes of action: (I) Disability Discrimination in Violation of California's Fair Employment and Housing Act ("FEHA") (Cal. Gov't Code § 12940, *et seq.*), (II) Retaliation in Violation of FEHA, (III) Wrongful Termination in

[1] Although the caption of Plaintiff's Complaint lists "DOES 1 through 30," the pleadings themselves only refer to Does 1–20. *See Compl.*

Violation of Public Policy, asserted against Western Union, LLC and Does 1–20; (IV) Harassment and Failure to Prevent Harassment in violation of FEHA; and (V) Negligent Infliction of Emotional Distress, asserted against all Defendants. *See Compl.* The Complaint alleges as follows:

Plaintiff began working for Defendants in or around 2020 [sic][2] as an Account Executive. *Id.* ¶ 7. "Over the next 25 years [sic], he achieved top rankings and received multiple awards for performance at regional and national levels." *Id.* In 2024, Plaintiff achieved the highest compensation of his career at Western Union. *Id.*

On January 31, 2025, Plaintiff went on protected short-term disability leave to manage issues he was having with anxiety and type 2 diabetes, returning on May 5, 2025. *Id.* ¶¶ 8–9. Upon his return, Plaintiff was "treated very differently which, on information and belief, was because he had exercised his right to take a disability leave." *Id.* ¶ 9.

On May 8, 2025, Western Union's CEO conducted a market tour in Plaintiff's territory. *Id.* ¶ 10. Before he went on disability, Plaintiff would have been invited to participate in any similar activity in his territory given his role as regional manager; but on this occasion, Plaintiff was not invited to participate. *Id.* Two account development executives who reported to Plaintiff were included in the event, making Plaintiff the only one excluded from the event. *Id.*

Plaintiff complained to his general manager Hector Grinacoff ("Grinacoff") about not being included in the market tour, and Grinacoff "blew off Plaintiff's complaint," saying only that he did not know Plaintiff wanted to be included. *Id.* ¶ 11. Defendants continued to exclude Plaintiff from market tours in his territory, including market tours on July 3, 28, 29, and 30 of 2025. *Id.*

On June 18, 2025, Plaintiff's director Ada Moore ("Moore") and Grinacoff met with Plaintiff and notified him that he was being placed on a Performance Improvement Plan ("PIP"), claiming that Plaintiff needed to be more productive. *Id.* ¶ 12. Plaintiff "believes that the basis" for the PIP was "the fact that he had been out of work (and therefore not producing) for over 3 months earlier in 2025 on short-term disability leave." *Id.*

[2] The Court notes that Plaintiff's Complaint contains contradictory timelines—stating that Plaintiff commenced employment in 2020, *see Compl.* ¶ 7, but elsewhere referencing twenty-five years of employment with Western Union, *see id.* ¶¶ 7, 14.

Before the June 18, 2025, PIP meeting, Plaintiff had been working on a "blitz" report with Moore. *Id.* ¶ 13. Plaintiff informed Moore that he would send the "blitz" report to Grinacoff, but Moore specifically told Plaintiff not to send it and that she would send the report to Grinacoff herself. *Id.* During the PIP meeting, Grinacoff raised the fact that Plaintiff had still not sent Grinacoff the report as an example of his poor performance, and Moore made no attempt to clarify that Plaintiff had acted in conformity with her instructions. *Id.* When Plaintiff responded that he had acted pursuant to Moore's instructions, Grinacoff replied, "Oh, I was just testing you!"

Grinacoff continued to "harass" Plaintiff during the PIP meeting, sarcastically commenting "'Who promoted you?'" disregarding Plaintiff's track record "established over the last 25 years [sic]" and "humiliating" Plaintiff. *Id.* ¶ 14. On August 19, 2025, Defendants terminated Plaintiff's employment. *Id.* ¶ 15. Plaintiff "believes" he was terminated "because Plaintiff had exercised his right to take a necessary short-term disability leave of absence earlier in the year." *Id.*

On March 29, 2026, the California Civil Rights Department issued Plaintiff a right to sue letter. *Id.* ¶ 16.

## III. Legal Standard

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks and citation omitted). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). A federal court should remand a case if at any time before final judgment it appears a removing court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). Courts strictly construe the removal statute against removal jurisdiction. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther*, 533 F.3d at 1034; *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand.").

Removal of an action may be based on either diversity or federal question jurisdiction. *See City of Chi.*, 522 U.S. at 163. Diversity jurisdiction under 28 U.S.C. § 1332 requires that (1) all plaintiffs be citizens of different states than all defendants ("complete diversity"), and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

A person's state citizenship stems from her state of domicile, not just her state of residence. *Kanter v. Warner Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A corporation is a citizen of the state where it is incorporated and the state that constitutes its principal place of business. *See* 28 U.S.C. § 1332(c). When removal is based on diversity jurisdiction, the removing defendant must show by a preponderance of the evidence that there is complete diversity and that the amount in controversy exceeds $75,000. *See Lopez v. So. Cal. Edison Co.*, No. 2:17-CV-06413-SVW-MRW, 2017 WL 4712189, at *1 (C.D. Cal. Oct. 18, 2017) (citing *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839 (9th Cir. 2002)).

IV. <u>Discussion</u>

A. <u>Fraudulent Joinder</u>

Plaintiff seeks to remand the case "on the grounds that the parties lack complete diversity of citizenship and this action presents no federal question." *Mot.* at 2. Western Union argues that Grinacoff is a "sham defendant" the joinder of whom "is a textbook attempt to defeat diversity." *Opp'n* at 4. Western Union contends that Plaintiff fails to plead a claim for harassment against Grinacoff and that Plaintiff's claim for negligent infliction of emotional distress as asserted against Grinacoff fails as a matter of law. *Opp'n* at 4–8. Plaintiff counters that the California Labor Code sections invoked by Defendants in their removal are "not applicable in any way to Plaintiff's claims in this action" and that it may properly bring a harassment claim against Grinacoff in his individual capacity. *Mot.* at 10–12.

"If a plaintiff fails to state a cause of action against a resident defendant . . . the joinder is fraudulent and 'the defendant's presence in the lawsuit is ignored for purposes of determining diversity.'" *United Comput. Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002) (quoting *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)). "Thus, while a showing of actual fraud would be sufficient to invoke the doctrine, the term 'fraudulent joinder' is somewhat of a 'misnomer,' since in most cases the focus will be on whether the plaintiff can 'state a reasonable or colorable claim for relief under the applicable substantive law against the party whose presence in the action would destroy

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-07887-MWC-CTS Date: November 4, 2026

Title: Fabio Acuna v. Western Union, LLC, *et al.*

the district court's subject matter jurisdiction.'" *Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1113 (9th Cir. 2016) (quoting 13 Wright & Miller's Federal Practice & Procedure § 3641.1 (3d ed.)).

There is a general presumption against fraudulent joinder, *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007), and the party invoking fraudulent joinder bears a "heavy burden," *Weeping Hollow Ave. Tr.*, 831 F.3d at 1113; *see also Marin v. FCA US LLC*, No. 2:21-CV-04067-AB-PDX, 2021 WL 5232652, at *3 (C.D. Cal. Nov. 9, 2021) ("The burden of proving fraudulent joinder is a heavy one."). When it is a close question, the Court resolves doubts in favor of remanding to preserve state court jurisdiction. *Albi v. St. & Smith Publ'ns*, 140 F.2d 310, 312 (9th Cir. 1944). "In the Ninth Circuit, a non-diverse defendant is deemed to be fraudulently joined if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff *could not possibly recover* against the party whose joinder is questioned." *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1063 (C.D. Cal. 2012) (emphasis in original) (cleaned up). Western Union must show that the relevant state law is so settled that leave to amend the Complaint would not cure the purported deficiency. *Id.* (citation omitted). "In determining whether a defendant was fraudulently joined, the Court need only make a summary assessment of whether there is *any* possibility that the plaintiff can state a claim against the defendant." *Marin*, 2021 WL 5232652, at *3 (emphasis added).

Here, however, on the question of fraudulent joinder, Western Union has satisfied its burden. Plaintiff brings only two claims against Grinacoff: harassment and failure to prevent harassment under FEHA, and negligent infliction of emotional distress. *See Compl.* ¶¶ 45–55. Plaintiff need only maintain one claim against Grinacoff to destroy complete diversity, but here, Plaintiff can maintain neither.

B. Negligence and NIED

*i. Negligence and NIED*

Plaintiff brings a claim for negligent infliction of emotional distress against Grinacoff, and all other Defendants. *Compl.* ¶¶ 52–55. As a preliminary matter, "there is no independent tort of negligent infliction of emotional distress. The tort is negligence[.]" *Wescott v. Beresford Corp.*, No. 22-CV-00067-JSC, 2022 WL 1062061, at *7 (N.D. Cal. Apr. 8, 2022) (quoting *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 984 (1993)).

In this case, however, the Court need not evaluate whether Plaintiff sufficiently states a claim for negligence, because "an action for negligent infliction of emotional distress resulting from employment dismissal is barred by the workers' compensation exclusivity rule." *Robomatic, Inc., v. Vetco Offshore*, 225 Cal. App. 3d 270, 274 (1990) (citing Cal. Lab. Code § 3600; *Potter v. Arizona So. Coach Lines, Inc.,* 202 Cal.App.3d 126, 133–135 (1988)); *see also Abiola v. ESA Mgmt., LLC*, No. 13-CV-03496-JCS, 2014 WL 988928, at *5–6 (N.D. Cal. Mar. 3, 2014) ("Plaintiff's claim is barred by California's Workers' Compensation Act, which provides the exclusive remedy for injuries occurring within the course of employment.") (citations omitted).

Here, "[a]s Plaintiff's claim is based on conduct that occurred within the scope of his employment, it is barred by the Workers' Compensation Act." *Abiola*, 2014 WL 988928, at *6. The Court concurs with Western Union in finding that Plaintiff's Fifth Cause of Action (Negligent Infliction of Emotional Distress) fails as a matter of law. *Id.*

C. Harassment

Under FEHA, a work environment is hostile when "the harassing conduct sufficiently offends, humiliates, distresses, or intrudes upon its victim, so as to disrupt the victim's emotional tranquility in the workplace, affect the victim's ability to perform the job as usual, or otherwise interfere with and undermine the victim's personal sense of well-being." Cal. Gov't Code § 12923(a). A plaintiff does not need to prove that his "'tangible productivity has declined as a result of the harassment. It suffices to prove that a reasonable person subjected to the discriminatory conduct would find, as the plaintiff did, that the harassment so altered working conditions as to make it more difficult to do the job.'" *Id.* (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 26 (1993) (Ginsburg, J., concurring)).

To state a prima facie claim for harassment under FEHA, Plaintiff must demonstrate that: (1) plaintiff is a member of a protected class; (2) plaintiff was subject to unwelcome harassment; (3) the harassment was based on plaintiff's membership in a protected class; (4) the harassment unreasonably interfered with plaintiff's work performance by creating an intimidating, hostile, or offensive work environment; and (5) defendant is liable for the harassment. *Arauz v. M.A.C. Cosmetics, Inc.*, No. 2:22-cv-01663-DC-CSK, 2025 WL 2021112, at *5 (E.D. Cal. July 18, 2025) (citing *Ortiz v. Dameron Hosp. Ass'n*, 37 Cal. App. 5th 568, 577 (2019)). "A single incident of harassing conduct is sufficient to create a triable issue regarding the existence of a hostile work environment *if* the harassing conduct has unreasonably interfered with the plaintiff's work performance or created an

intimidating, hostile, or offensive working environment." Cal. Gov't Code § 12923(b) (emphasis added). "FEHA prohibits harassment based on 'physical disability' or 'medical condition.'" *Huezo v. Quantic Ohmega Ticer*, No. 2:25-CV-00142-AJR, 2025 WL 723024, at *3 (C.D. Cal. Mar. 5, 2025) (citing Cal. Gov't Code § 12940(j)(1)).

Here, Plaintiff alleges that he was subject to harassment because he took disability leave. *Compl.* ¶¶ 9–10, 12, 15. Western Union does not contest Plaintiff's physical disability or medical condition. *See generally Opp'n*. Instead, Western Union argues that the "harassing" conduct attributed to Grinacoff "falls squarely within the category of personnel management actions that cannot, as a matter of law, support a harassment claim." *Opp'n* at 5. Indeed, "personnel related management decisions such as hiring, firing, discipline, performance, evaluations, compensation, requests for accommodation or job assignments cannot constitute unlawful harassment, for they are inside the scope of managerial employment." *Aleshire v. Amazon.com Servs., LLC*, No. 223CV8853ODWASX, 2024 WL 1077271, at *3 (C.D. Cal. Mar. 12, 2024) (citing *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 64 (1996)).

The Complaint's only allegations against Grinacoff include that he: (1) decided who participates in market tours, *Compl.* ¶¶ 10–11; (2) placed Plaintiff on a PIP and communicated feedback, *id.* ¶¶ 12–13; and (3) made two "harassing" remarks in the PIP meeting ("Oh, I was just testing you" and "sarcastically comment[ed] 'Who promoted you?'"), *id.* ¶¶ 13–14. Western Union correctly argues that the first two events can all be classified as personnel management decisions. *See, e.g.*, *Bowman v. Adams & Assocs., Inc.*, No. 218CV00472TLNKJN, 2022 WL 624882, at *9 (E.D. Cal. Mar. 3, 2022) ("Plaintiff's allegations of receiving negative reviews and termination refer to common personnel activities that do not generally give rise to a harassment claim.") (citations omitted).

With respect to the third allegation, although comments or remarks may constitute harassment, "FEHA requires [allegations] showing the Plaintiff was subjected to unwelcome comments or harassing conduct *as a result of* some protected characteristic." *Thomas v. BNSF Ry. Co.*, No. 1:11CV0214 DLB, 2012 WL 2912355, at *4 (E.D. Cal. July 16, 2012) (citing *Thompson v. City of Monrovia*, 186 Cal. App. 4th 860, 878 (2010)) (emphasis added). Though Plaintiff may have been offended by the two remarks alleged in the Complaint, the Complaint lacks any allegations that such remarks were *because of* Plaintiff's membership in a protected class. "Annoying or merely offensive comments in

the workplace are not actionable." *Eyraud v. Swift Transp. Corp.*, No. 2:17-CV-00791-JAM-DB, 2018 WL 2157176, at *3 (E.D. Cal. May 10, 2018).

And these two remarks simply fall short of "severe and pervasive" harassment, or even individual instances of conduct severe or humiliating enough for a reasonable jury to find they created a hostile work environment. *See Eyraud*, 2018 WL 2157176, at *3 (though asking Plaintiff, "Exactly how old are you?" and telling Plaintiff he was "old and brittle" may be "offensive," no reasonable jury could find these comments, which were "not accompanied by physical threats or humiliation and [were] not part of a concerted or repeat pattern of discrimination[,]" created a hostile work environment).

"Here, the Court examined the totality of the circumstances, including the comparative non-severity of identified comments and the broader performance-based context for two comments, to determine that the comments were not sufficiently severe or pervasive to support [a disability-based] harassment claim." *Wheat v. Wal-Mart Assocs., Inc.*, No. 1:22-CV-01524-BAM, 2025 WL 1370011, at *12 (E.D. Cal. May 12, 2025).

Because Plaintiff only asserts two causes of action against Defendant Hector Grinacoff, and because both causes of action fail to state a colorable claim against Grinacoff, the Court finds that Grinacoff was fraudulently joined and therefore **DENIES** Plaintiff's Motion to Remand. *See Agresti v. Fed. Ins. Co.,* No. 223CV04555JLSMAR, 2023 WL 5277890, at *3 (C.D. Cal. Aug. 16, 2023) (denying motion to remand for failure to state a viable claim against sham defendant); *Finney v. Am. Fam. Mut. Ins. Co.*, No. C11-175 MJP, 2011 WL 13233166, at *3 (W.D. Wash. May 10, 2011) (same).

V. Conclusion

For the foregoing reasons, the Court **ORDERS** the following:

1. Plaintiff's Motion for Remand (Dkt. # 21) is **DENIED**;

2. The November 13, 2026, hearing is **VACATED**.

**IT IS SO ORDERED.**

:

**Initials of Preparer** TJ